IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIRCUIT CIVIL CASE NO.:

ANNE CUMMINGS,

    Plaintiff,

vs.

CARESYNC, INC.

    Defendant.

_____/

## COMPLAINT

Plaintiff, ANNE CUMMINGS, hereinafter referred to as "PLAINTIFF" by and through her undersigned attorneys, hereby sues the Defendant, CARESYNC, INC., hereafter referred to as "DEFENDANT" and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of $15,000.00.

2. Venue lies within Hillsborough County because a substantial part of the events giving rise to this claim arose in this Judicial District.

### PARTIES

3. Plaintiff was a resident of Hernando County, Florida.

4. Defendant is a foreign corporation, licensed and authorized to conduct business in the State of Florida and doing business within Hillsborough County.

### GENERAL ALLEGATIONS

5. At all times material, Defendant acted with malice and with reckless disregard for Plaintiff's Federal and State protected rights.

1

6. At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

7. Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

8. Plaintiff requests a jury trial for all issues so triable.

## FACTS

9. Plaintiff was hired on April 11, 2016, as an Account Manager.

10. As an account manager Plaintiff spent 100% of her time either on the phone or interacting via her computer.

11. On June 15, 2016, Plaintiff suffered a Grand Mal Seizure at work. Her co-workers called 911 and Plaintiff was transported to the hospital.

12. Following her seizure Plaintiff requested and was granted the reasonable accommodation of working from home.

13. Another account manager hired the same day as Plaintiff resided in Texas.

14. In June 2016, Plaintiff was placed on a seizure control medication regimen. As with other health conditions, the medication regimen was largely trial and error, resulting in efforts to find the right medication or mix of medications to stabilize her condition.

15. Although able to perform all the essential functions of her job, on certain regimens the medication mix would occasionally episodically affect Plaintiff's ability to focus, her memory, her word finding. Plaintiff communicated with her boss and others and kept them informed about her ongoing treatment.

16. On March 19, 2017 Plaintiff earned and was awarded a pay increase for her performance in her position to date.

17. In June 2017 Plaintiff underwent an inpatient monitoring program at University of Florida's Shands Hospital to further focus her treatment program.

18. Plaintiff initially applied for and was denied FMLA Leave for this absence.

19. Following her hospitalization Plaintiff again applied for intermittent FMLA Leave as the result of her serious health condition.

20. Following Plaintiff's FMLA leave requests she was issued a corrective action for the first time during her employment. The corrective action purported to criticize her for events that preceded both her FMLA leave requests and the presentation to her of her performance based pay increase, and for one date during which she was hospitalized.

21. On September 27, 2017 Plaintiff again applied for FMLA leave to treat her serious health condition.

22. Defendant approved her leave request through December 12, 2017.

23. Plaintiff was scheduled for a follow up appointment with her physician on December 28, 2017.

24. On November 30, 2017 Defendant through its Human Resources Generalist, Tina Magnan, agreed to extend her leave request until the date of her follow up appointment on December 28, 2017, despite Plaintiff informing her that she could try to get the appointment moved up.

25. On December 14, 2017 Plaintiff was terminated while she was out on approved medical leave.

3

26. Defendant's purported reason for her termination was that they eliminated the Account Manager department.

27. Four days later, on December 18, 2017, Plaintiff noticed that Defendant posted that two account managers were transferred to the position of "Client Experience Executives" performing their account manager duties.

28. Two days later, December 16, 2017, the company posted an opening for the "Director of Client Experience" who would be responsible for managing a team which included among other positions "Account Managers".

29. On December 28, 2017 at her scheduled follow up appointment Plaintiff was released to work as expected.

## COUNT I
## FAMILY MEDICAL LEAVE ACT – INTERFERENCE

30. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 29.

31. Defendant's actions interfered with Plaintiff's lawful exercise of her FMLA rights.

32. Defendant's actions constitute violations of the FMLA.

33. As a result of Defendant's unlawful actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for judgment against Defendant for the following damages:

    a. Back pay and benefits;

    b. Interest;

    c. Liquidated damages;

    d. Attorney's fees and costs;

    e. Equitable relief;

    f.      Such other relief as is permitted by law.

## COUNT II
### (FMLA RETALIATION)

34. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 29.

35. Defendant retaliated against Plaintiff for asserting her FMLA rights.

36. Defendant's actions constitute violations of the FMLA.

37. As a result of Defendant's actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff respectfully requests all legal and equitable relief allowed by law including judgment against Defendant for prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of the claim and such other relief as the Court may deem just and proper.

Dated this 22nd day of January 2018.

    FLORIN, GRAY, BOUZAS, OWENS, LLC

    /s/Wolfgang M. Florin
    Wolfgang M. Florin
    Florida Bar No. 907804
    Primary: wolfgang@fgbolaw.com
    Secondary: E-filing@fgbolaw.com
                tina@fgbolaw.com
    Christopher D. Gray
    Florida Bar No.: 0902004
    chris@fgbolaw.com
    Robin M. Orosz
    Florida Bar No.: 724769
    robin@fgbolaw.com
    16524 Pointe Village Drive, Suite 100
    Lutz, FL 33558
    Telephone (727) 254-5255
    Facsimile (727) 483-7942
    Attorneys for Plaintiff